FILED

2023 Nov-13  AM 09:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ALABAMA
MIDDLE DIVISION

| | | |
|---|---|---|
| PROGRESSIVE SPECIALTY INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO.: |
| ROBERT LOONEY; ANGEL WRIGHT; DARREUS ZANDERS; and JIMMY AND DARREUS TRANSPORTATION, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT FOR DELCARATORY JUDGMENT

Progressive Specialty Insurance Company ("Progressive") files this action pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 seeking a declaratory judgment that it owes no liability coverage for the allegations in the underlying suit under policy number 02222138-0 (the "Policy") issued to Jimmy and Darreus Transportation LLC ("Jimmy and Darreus Transportation").

This action arises out of a tort suit filed by defendants Robert Looney and Angel Wright against defendants Darreus Zanders ("Zanders"), Jimmy and Darreus Transportation, and others who are not involved in this coverage issue. The tort suit is *Robert Looney & Angel Wright v. Jimmy & Darreus Transportation, LLC, et al.*, bearing civil action number 75-CV-2022-900089 pending in the Circuit Court of St.

Clair County, Alabama (the "Underlying Suit"). It arises out of an accident where Zanders was loading a vehicle onto a trailer when it rolled backwards into oncoming traffic on Interstate 20.

There is no coverage because the truck driven in the accident and the trailer used by Zanders do not constitute "insured autos" so as to be insured under the policy. Additionally, Zanders and Jimmy and Darreus Transportation have breached the conditions precedent for coverage of submitting to examinations under oath requested by Progressive.

## **THE PARTIES**

1.    Plaintiff Progressive is a corporation organized under the laws of the State of Ohio with its principal place of business in the State of Ohio, and it is a citizen of the State of Ohio.

2.    Defendant Darreus Zanders ("Zanders") is an adult citizen of the State of Alabama.

3.    Defendant Jimmy and Darreus Transportation LLC ("Jimmy and Darreus Transportation") is a limited liability corporation. Upon information and belief, the members of Jimmy and Darreus Transportation are James D. Bulger and Darreus D. Zanders who are both adult citizens of the State of Alabama.

4.    Defendant Robert Looney is an adult citizen of the State of Alabama.

5.    Defendant Angel Wright is an adult citizen of the State of Alabama.

6.    Because the Plaintiff and Defendants are citizens of different states, complete diversity exists among the parties.

## JURISDICTION AND VENUE

7.    The Court has jurisdiction pursuant to 28 U.S.C. §§1332 and 2201 to render a declaratory judgment establishing the parties' rights under the contract of insurance. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and complete diversity of citizenship exists.

8.    Venue of this suit is appropriate in the United States District Court for the Northern District of Alabama pursuant to 28 U.S.C. § 1391 because the accident occurred and the underlying suit is pending in St. Clair County, Alabama.

## THE UNDERLYING ACCIDENT AND LAWSUIT

9.    The accident occurred on September 23, 2020 in St. Clair County, Alabama, when Zanders, acting within the scope and course of his employment with Jimmy and Darreus Transportation, LLC was driving a 2020 Dodge 3500 (VIN 3C63RRGL0LG113638) and hauling a 2020 Dodge Ram 3500 (VIN 3C8WRTCL4LG184806) on a trailer attached to the truck he was driving. Zanders was pulled over on the right shoulder of Interstate 20 where he was loading the Dodge Ram onto the flatbed trailer when it rolled backwards off of the trailer crossing into three lanes of traffic.

10.    Defendants Looney and Wright struck the abandoned truck while traveling on Interstate 20.

11.    A third vehicle driven by Mohammad Izziddean Osama Abdelghani and owned by Sammy Kanpher and Keinab Abu Omar struck the vehicle occupied by Looney and Wright from the rear.

12.    As a result of the accident, Looney and Wright filed a suit against numerous parties including the defendants herein, to-wit: Darreus Zanders and Jimmy and Darreus Transportation LLC as well as Mohammad Abdelghani, Sammy Kanpher and Zeinab Abu Omar, which case is styled *Robert Looney and Angel Wright v. Jimmy & Darreus Transportation, LLC, et al.*, Circuit Court of St. Clair County, Alabama (the "Underlying Suit").

## THE PROGRESSIVE AUTO LIABILITY POLICY

## COUNT I

## PROGRESSIVE SEEKS A DECLARATION THAT THERE IS NO COVERAGE UNDER THE PROGRESSIVE POLICY AND PROGRESSIVE HAS NO DUTY TO DEFEND

### A. Insuring Clause – the truck is not an "insured auto"

13.    The liability coverage under the Policy only applies to use of an "insured auto" by an "insured" person. The truck being driven by Zanders was not an "insured auto" as defined in the Policy. Because Zanders was not driving an

4

"insured auto," he does not qualify as an "insured" person. (Exhibit A, Policy). The

grant of liability coverage provides:

<u>**PART I—LIABILITY TO OTHERS**</u>

**INSURING AGREEMENT—LIABILITY TO OTHERS**

Subject to the Limits of Liability, if **you** pay the premium for liability coverage for the **insured auto** involved, **we** will pay damages, other than punitive or exemplary damages, for **bodily injury**, **property damage**, and **covered pollution cost or expense** for which an **insured** becomes legally responsible because of an **accident** arising out of the ownership, maintenance or use of that **insured auto**. However, **we** will only pay for the **covered pollution cost or expense** if the same **accident** also caused **bodily injury** or **property damage** to which this insurance applies.

**We** will settle or defend, at **our** option, any claim or lawsuit for damages covered by this Part I. **We** have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

**ADDITIONAL DEFINITIONS USED IN THIS PART ONLY**

A.  When used in Part I—Liability To Others, **insured** means:
   1.  **You** with respect to an **insured auto**.

   2.  Any person while using, with **your** permission, and within the scope of that permission, an **insured auto you** own, hire, or borrow except:
      (a)  Any person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing **autos**, unless that business is **yours** and it was so represented in **your** application.
      (b)  Any person while he or she is moving property to or from an **insured auto**, other than one of **your employees**, partners (if you are a partnership), members (if you are a limited liability company), or officers or directors (if you are a corporation).
      (c)  The owner or anyone else from whom the **insured auto** is leased, hired, or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
      (d)  The employees or agents of an owner or anyone else from whom the **insured auto** is leased, hired or borrowed. However, this exception does not apply if the **insured auto** is specifically described on the **declarations page**.
      For purposes of this subsection A.2., an **insured auto you** own includes any **auto** specifically described on the **declarations page**.

5

3. Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I—Liability To Others. If **we** make a filing or submit a certificate of insurance on **your** behalf with a regulatory or governmental agency, the term "**insured**" as used in such filing or certificate, and in any related endorsement, refers only to the person or organization named on such filing, certificate or endorsement.

14.    Pertinent to this case, "insured auto" is defined:

6. "**Insured auto**" or "**your insured auto**" means:
   a. Any **auto** specifically described on the **declarations page**; or
   b. An additional **auto** for Part I—Liability To Others and/or Part II—Damage To Your Auto on the date **you** become the owner if:
      (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
      (ii) **we** insure all **autos** owned by **you** that are used in **your** business;
      (iii) no other insurance policy provides coverage for that **auto**; and
      (iv) **you** tell **us** within 30 days after **you** acquire it that **you** want **us** to cover it for that coverage.

   If **you** add any coverage, increase **your** limits, or make any other changes to this policy during the 30-day period after **you** acquire an additional **auto**, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes for the additional **auto**. **We** may charge premium for the additional **auto** from the date **you** acquire the **auto**.

With respect to Part I—Liability To Others, if **we** provide coverage for an additionally acquired **auto** in accordance with this paragraph b., **we** will provide the same coverage for such additional **auto** as **we** provide for any **auto** shown on the **declarations page**.

With respect to Part II—Damage To Your Auto, if **we** provide coverage for an **auto you** acquire in addition to any **auto** specifically described on the **declarations page**, and the additional **auto** is:
 (i) a **private passenger auto**, **we** will provide the broadest coverage **we** provide for any **auto** shown on the **declarations page**; or
 (ii) any **auto** other than a **private passenger auto**, and **you** have purchased Physical Damage coverage for at least one **auto** other than a **private passenger auto**, **we** will provide the broadest coverage for which the newly acquired **auto** is eligible.

c. Any replacement **auto** on the date **you** become the owner if:
 (i) **you** acquire the **auto** during the policy period shown on the **declarations page**;
 (ii) the **auto** that **you** acquire replaces one specifically described on the **declarations page** due to termination of **your** ownership of the replaced **auto** or due to mechanical breakdown of, deterioration of, or **loss** to the replaced **auto** that renders it permanently inoperable; and

 (iii) no other insurance policy provides coverage for that **auto**.

If **we** provide coverage for a replacement **auto**, **we** will provide the same coverage for the replacement **auto** as **we** provide for the replaced **auto**. **We** will provide that coverage for a period of 30 days after **you** become the owner of such replacement **auto**. **We** will not provide any coverage after this 30-day period unless within this period **you** ask **us** to insure the replacement **auto**. If **you** add any coverage, increase **your** limits, or make any other changes to **your** policy during this 30-day period, these changes to **your** policy will not become effective until after **you** ask **us** to add the coverage, increase **your** limits, or make such changes.

15.     The policy defines "temporary substitute auto" as:

17. "**Temporary substitute auto**" means any **auto you** do not own while used with the permission of its owner as a temporary substitute for an **insured auto** that has been withdrawn from normal use due to breakdown, repair, servicing, loss or destruction. However, **temporary substitute auto** does not include any **auto** available for the regular or frequent use of **you**, a **relative**, or **your employees** unless that **auto** is insured under a separate policy of insurance that provides at least the minimum required limits of financial responsibility under the applicable state and federal laws.

16.     The policy further provides additional definitions when used in Part I –

Liability to Others:

B.  When used in Part I—Liability To Others, **insured auto** also includes:
    1.  **Trailers** designed primarily for travel on public roads, while connected to **your insured auto** that is a power unit;
    2.  **Mobile equipment** while being carried or towed by an **insured auto**;
    3.  Any **temporary substitute auto**; and
    4.  **Mobile equipment** that is:
        a.  owned by **you**;
        b.  leased, hired, or borrowed by **you** and **you** have purchased either "Hired Auto Coverage" or "Any Automobile Legal Liability Coverage" from **us**; or
        c.  not owned, leased, hired, or borrowed by **you** and **you** have pur-chased either "Employer's Non-Ownership Liability Coverage" or "Any Automobile Legal Liability Coverage" from **us**.
    However, **mobile equipment** meeting any of those three criteria will qualify only if at the time of **loss** it is being:
        a.  used in **your** business;
        b.  operated on a public highway; and
        c.  operated in a state or province where it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law.

17.     The autos listed on the Policy Declarations are:

## Auto coverage schedule

1.  **1999 Dodge Ram 3500**
    VIN:   1B7MF3361XJ528345

8

2.  **2007 Kaufman Trailer**

    VIN:   15XFW53317L001879

3.  **1998 Dodge Ram 3500**

    VIN:   3B6MC3666WM255784

4.  **1994 Chevrolet C3500/K3500**

    VIN:   1GCHC39F3RE200518

5.  **1999 Ford F350**

    VIN:   1FTWW32F1XEB14307

6.  **2008 Kaufman Trailer**

    VIN:   5VGFW53398L001266

7.  **2017 Gator Trailer**

    VIN:   4Z1GF4029HS034277

8.  **2007 Kaufman Trailer**

    VIN:   15XFW50387L001771

9.  **2019 RAM 3500**

    VIN:   3C7WRTCL3KG570213

10. **2019 Texas Pride Trailer**

    VIN:   78CK2YGTXKB008180

11. **2019 Dodge 3500**

    VIN:   3C7WRTCL4KG647137

12. **2020 RAM Ram 3500**
    VIN:  3C63RRGL2LG179480

13. **2020 Dodge Ram 3500**
    VIN:  3C7WRTCL6LG216509

14. **2020 Dodge Ram 3500**
    VIN:  3C7WRTCL0LG184897

15. **2020 Dodge Ram 3500**
    VIN:  3C7WRTCL5LG187875

16. **2020 Dodge Ram 3500**
    VIN:  3C7WRTCL6LG184811

17. **2014 GMC Sierra C1500/K1**
    VIN:  3GTU2VEC5EG516112

18.    Zanders was not driving one of the listed vehicles. The police report

shows Zanders was driving a truck insured by USAA:

| Driver Full Name | | | | | | | Street Address | | City and State | | ZIP | Telephone |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| DARREUS DEONTRA ZANDERS | | | | | | | 2941 SHENANDOAH DR | | MONTGOMERY AL | | 36116 | (334) 507-2079 |

| DOB | 10 | 13 | 1994 | Race | Sex | DL State | Driver License No. | DL Class | DL Status | Restrict Violations | CDL Status | Endorse Violations |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Month | Day | Year | 2 | 1 | AL | 8365847 | A | C | 97 | C | 97 |

| Place of Employment | Residence Less |
|---|---|
| JIMMY AND DARREUS TRANSPORTATION MONTGOMERY, AL | Than 25 Miles    No |

| Liability Insurance Co. | | Liability Policy No. | Insurance |
|---|---|---|---|
| USAA | | 0480985097102 | NAIC Number |

| Driver Condition | Sobriety/ Officer Opinion | Alcohol: No Drugs: No | Type Alcohol Test Given | 6 | Alcohol Test Results | N/A | Type Drug Test Given | 4 | Drug Test Results 97 | Maneuver |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | | | | | | | | | | 15 |

| Most Harmful Event for MV | 22 | Travel Road Name I-20 | Road Code I020 | Travel Direction 4 | Unit Contributing Circumstance | 76 | Total Injuries in Unit | 0 |
|---|---|---|---|---|---|---|---|---|

| Sequence of Events | 8 | Event 1 | 22 | Event 2 | 97 | Event 3 | 97 | Event 4 | First Harmful Event Location | 1 | Areas Damaged Are Shaded |
|---|---|---|---|---|---|---|---|---|---|---|---|

| Veh Year 2020 | Make DODG | Veh Model 3500 | Body 2 | V.I.N. 3C63RRGL0LG113638 | 14 | Under Carriage |
|---|---|---|---|---|---|---|

| Owner's Name | License | State | Year | 12 | 97 |
|---|---|---|---|---|---|
| JIMMY AND DARREUS TRANSPORTATION LLC | Tag Number 1156657 | AL | 2020 | | |

| Street or R.F.D. | City | State | Zip | 11 | 1 | N/A |
|---|---|---|---|---|---|---|
| 5040 COOSADA FERRY RD | MONTGOMERY | AL | 36110 | | | |

19.    The truck was not within the grant of liability coverage because:

- It was not listed on the Policy;

- It does not qualify as a "Temporary Substitute Auto"; and

- It does not constitute an additional or replacement auto.

20.    The trailer attached to Zanders' truck was not an "insured auto" to come within the grant of liability coverage because it "was not connected to **your insured auto** that is a power unit."

21.    Therefore, neither the truck nor the trailer constituted an "insured auto" under the Policy's liability coverage. Thus, coverage does not apply to the accident.

## COUNT II

22.    The Progressive policy requires as a condition precedent to coverage that a person claiming coverage appear at Progressive's request for an examination under oath:

## DUTIES IN THE EVENT OF AN ACCIDENT OR LOSS

….

A person seeking coverage must:

….

3.    allow **us** to take signed and recorded statements, including sworn statements and examinations under oath, which **we** may conduct outside the presence of **you**, a **relative**, or any person claiming coverage, and answer all reasonable questions **we** may ask as often as **we** may reasonably require;

….

11

10. authorize **us** access to **your** business or personal records as often as **we** may reasonably require.

23.     Progressive requested that Zanders or a representative of Jimmy and Darreus Transportation appear for an examination under oath by letter three different times, utilizing methods of first-class mail and certified mail through the United States Postal Service. Zanders and/or a representative of Jimmy and Darreus Transportation never responded to and failed and/or refused to appear for an examination under oath at the dates and times set forth in the letters.

24.     Under Alabama law, a person claiming coverage is subject to the precondition that he appear for an examination under oath at the carrier's request. Breach of this condition precedent forfeits any coverage under the policy. Zanders and/or Jimmy and Darreus Transportation breached the condition precedent to participate in an examination under oath. That breach forfeits any coverage for them for the underlying suit. For this reason, Progressive does not owe coverage to Zanders or Jimmy and Darreus Transportation.

**COUNT III**

**DECLARATION THAT THE MCS-90 ENDORSEMENT IN THE POLICY DOES NOT APPLY TO THE UNDERLYING ACCIDENT**

25.     The Progressive Policy contains an MCS 90 endorsement under the Federal Motor Carriers Safety Act ("Act"). The endorsement only applies to financial responsibility requirements for carriages or transports subject to the Act:

12

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay, within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere. Such insurance as is afforded, for public liability, does not apply to injury to or death of the insured's employees while engaged in the course of their employment, or property transported by the insured, designated as cargo. It is understood and agreed that no condition, provision, stipulation, or limitation contained in the policy, this endorsement, or any other endorsement thereon,

26. Here, Zanders was not driving a commercial vehicle listed in the policy and subject to the Act. Therefore, the MCS-90 endorsement under the Federal Motor Carrier Safety Act is inapplicable.

**WHEREFORE,** Progressive prays that the Court declare that:

1. The truck used in the accident does not constitute an "insured auto" so as to trigger liability coverage for the underlying lawsuit, and specifically, (a) Progressive has no duty to defend Zanders and Jimmy and Darreus Transportation in the underlying lawsuit, and (b) Progressive has no duty to indemnify them for any judgment or settlement in the underlying lawsuit;

2. Progressive has no duty to defend or indemnify Zanders and Jimmy and Darreus Transportation because of their breach of the precondition to give an examination under oath;

3. Progressive has no duty to indemnify Jimmy and Darreus Transportation under the MCS-90 endorsement; and

13

4.     Such other and further relief to which Progressive is entitled.


/s/ J. Mark Hart
J. Mark Hart (asb-5059-a61j)

/s/ R. Benjamin Reardon
R. Benjamin Reardon (asb-1469-j29e)
*Attorneys for Progressive Specialty*
*Insurance Company*




**OF COUNSEL**
HAND ARENDALL HARRISON SALE LLC
1801 5th Avenue North, Suite 400
Birmingham, AL 35203
Tel: 205-502-0133
Fax: 205-322-1163
mhart@handfirm.com
breardon@handfirm.com


14

**<u>SERVE DEFENDANTS BY CERTIFIED MAIL</u>**

Robert Looney
1132 33rd Street SW
Apartment 2
Birmingham, Alabama 35221

Angel Wright
1020 Sharp Drive
Birmingham, Alabama 35235

Darreus Zanders
2941 Shenandoah Drive
Montgomery, Alabama 36116

Jimmy and Darreus Transportation, LLC
2941 Shenandoah Drive
Montgomery, Alabama 36116